Town of Pella, Appellant, vs. Town of Larabee, Respondent.

*November 15—December 5, 1916.*

*Highways and bridges: Maintenance: Division of town-line highway: Replacement of destroyed bridge.*

In an order made under sec. 1273, Stats., by the supervisors of adjoining towns, dividing a town-line highway and assigning certain parts thereof to be maintained by each town, no mention having been made of a small bridge in one of the parts so assigned and no provision made for its joint maintenance, the town to which said part was assigned and which had maintained the bridge for sixteen years at its own expense was bound to replace the bridge after an unusual flood had destroyed it and widened the bed of the stream which it spanned.

Appeal from a judgment of the circuit court for Waupaca county: Byron B. Park, Circuit Judge. *Affirmed.*

*A. M. Andrews,* for the appellant.

For the respondent there was a brief by *Curtis, Van Doren & Cole,* and oral argument by *Llewellyn Cole.*

ROSENBERRY, J.    Plaintiff and defendant are two adjoining towns, and on July 24, 1897, at a joint meeting of their respective town boards, they entered into the following agreement which was signed by the supervisors of the respective towns:

"Commencing at the northwest corner of *Larabee* and southwest corner of *Pella*. Running thence east the first one hundred and twenty rods is for *Pella* to maintain. The second one hundred and twenty rods is for *Larabee* to maintain. The next one hundred and sixty rods for *Pella*. The next four hundred and forty rods for *Larabee*. The next two hundred rods for *Pella*. The next two hundred and forty rods is for *Larabee* to open and maintain. The next two hundred and forty rods is for *Larabee* to open and maintain. The next two hundred and forty rods is for *Pella* to open and maintain. The next two hundred and forty rods is for *Pella* to open and maintain. The next one hundred and sixty rods is for *Larabee* to maintain."

In the first section of the town-line highway assigned to *Pella* there was a small wooden bridge spanning a small stream known as Hyde's creek. For sixteen years the town of *Pella* maintained this bridge and repaired it at its own expense. In the summer of 1912 a considerable flood destroyed the bridge and widened the bed of the stream, and the construction of a new bridge was made necessary. The defendant town refused to join in the construction of a new bridge and the bridge was built by the plaintiff, and plaintiff now brings this action to compel the defendant town to pay one half of the cost of the new bridge. The question is whether or not plaintiff town is liable for the replacement of the bridge under the terms of the agreement of July 24, 1897. At the close of the trial the court directed a verdict for the defendant for the following reasons:

"This bridge was not mentioned in the order dividing the highway. It was not a costly structure, nor very much of a bridge either to build as it was built or to maintain as it was

built.    From the time of the division of the highway in 1897 to 1912, when it was destroyed by a flood, whatever repairs were made upon this bridge, if any there were, were made and borne by the town of *Pella*.    There are small bridges and culverts in other parts of the highway; but neither the particular bridge nor any bridges and culverts were mentioned at the time of the division.    Swamps and hills were, however, considered, and the swamps divided as nearly equally between the towns as possible.    Since the division each town has maintained the part of the highway allotted to it.

"The bridge as it was in 1897 must have been in the minds of the supervisors of the two towns when the highway was divided, though it was not mentioned.    If it then had been deemed of importance enough to mention, the supervisors could have apportioned the expense of maintaining it, as was done in *Waupun v. Chester,* 61 Wis. 401, 21 N. W. 251. That the bridge was not then mentioned and no provision made for its joint maintenance, at least tends to warrant the conclusion that it was included in the first 120 rods of the highway which *Pella* was to maintain, because of the small cost of maintaining it."

The agreement between the towns was made pursuant to the provisions of sec. 1273, Stats., and the real question in the case is, Was plaintiff town required to maintain that part of the highway so assigned to it, including the bridge, at its own expense?    If the plaintiff was required under the terms of the agreement to maintain the bridge under the conditions that existed at the time the contract was made, it is manifest that the change in the physical conditions due to an unusual flood cannot change the terms of the contract. We have carefully examined the record in this case and are of the opinion that the circuit judge was correct in the construction which he placed upon this agreement, for the reasons which he gave.

*By the Court.*—Judgment affirmed.